IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| MARK GRIGSBY § | |
| § | |
| V. § | CIVIL ACTION NO. G-13-418 |
| § | |
| THE KANSAS CITY SOUTHERN § | |
| RAILWAY COMPANY § | |

## OPINION AND ORDER

Before the Court, with the consent of the Parties under 28 U.S.C. § 636(c), is the "Motion to Dismiss Plaintiff's Amended Complaint Pursuant Federal Rule of Civil Procedure 12(B)(1) and 12(B)(6)" of Defendant, The Kansas City Southern Railway Company (KCSR); the Motion seeks the dismissal of the Amended Complaint of Plaintiff, Mark Grigsby, for lack of subject matter jurisdiction.  The Motion will be granted.

In a nutshell, on April 18, 2013, Grigsby filed a complaint against KCSR, his employer, with OSHA, pursuant to the Federal Railroad Safety Act, 49 U.S.C. § 20109, alleging retaliation.  The case settled at mediation for about $28,000.00.  The Settlement Agreement declared "this settlement is a final order under the statute and is enforceable in an appropriate United States District Court."  The Settlement Agreement was approved by OSHA on behalf of the Secretary of the Department of Labor on September 26, 2013. Following the settlement, KCSR reviewed the credits it believed it was entitled to assess against the settlement fund and informed Grigsby that, according to its calculations, it had already paid Grigsby more than the settlement amount.  Grigsby, therefore, received no

further money.  Grigsby complained to OSHA and sought enforcement of the Settlement Agreement as interpreted by him, but OSHA took no further action.  Therefore, on November 14, 2013, Grigsby filed this lawsuit to personally enforce the Settlement Agreement against KCSR.  KCSR now seeks dismissal because, in its opinion, the FRSA does not provide for a private enforcement cause of action under the facts in this case.  Unfortunately, for Grigsby, for the reasons discussed at the Hearing on KCSR's Motion on February 26, 2014, and summarized below, this Court believes KCSR is correct.

Under § 20109(d), district courts have jurisdiction in only two limited circumstances.  First, if the Secretary has not issued a final decision within 210 days of the filing of an administrative complaint, the employee may file in district court for a *de novo* review of the complaint.  This circumstance does not apply to Grigsby's complaint because the Settlement Agreement was approved as a final order 162 days after his complaint was filed.  Second, the Secretary may bring an action in district court to require compliance with a final order.  Here, despite notice of Grigsby's accusations and the lapse of over 5 months since the approval of the settlement, the Secretary has failed or refused to do so.  The second possible circumstance, therefore, is, likewise, not present in this case. Cf. Norfolk Southern Railway Company v. Solis, 915 F.Supp. 2d 32, 39 (D.C. Cir. 2013)

Grigsby argues that such a narrow interpretation of the statutory scheme deprives him of any meaningful remedy.  That may be true, but a district court may not exercise its jurisdiction merely because a party feels a federal agency has failed to exercise a

discretionary function, like filing an enforcement action.  Where Congress in a regulatory statute sets out "a complex scheme authorizing certain types of (district court) review but not others . . . the statute powerfully suggests the intent to preclude district court review under other circumstances."  <u>Griffith v. Federal Labor Relations Authority</u>, 842 F.2d 487, 491 (D.C. Cir. 1988)    Moreover, if Grigsby's belief, as expressed at the Hearing, were true, and he can return to OSHA by complaining that KCSR's post-settlement calculation is a further act retaliation for his filing of the earlier complaint, he, in fact, has an available remedy and still has time to avail himself of it.

For the foregoing reasons, this Court finds it lacks subject matter jurisdiction to entertain Grigsby's complaint; therefore, it is **ORDERED** that the  the "Motion to Dismiss Plaintiff's Amended Complaint Pursuant Federal Rule of Civil Procedure 12(B)(1) and 12(B)(6)"(Instrument no. 14) of Defendant, The Kansas City Southern Railway Company is **GRANTED** and the Amended Complaint of Plaintiff, Mark Grigsby, is **DISMISSED, with prejudice**.

**DONE** at Galveston, Texas, this ____3rd_____ day of March, 2014.

_____
John R. Froeschner
United States Magistrate Judge